USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/20/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Leander C. Pickett,

                      Plaintiff,

-against-

Migos Touring, Inc. et al.,

                      Defendants.

1:18-cv-09775 (AT) (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a motion by Plaintiff, Leander C. Pickett ("Pickett"), pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for leave to file a Second Amended Complaint ("SAC") to add as defendants in this case five individuals, Quavious Marshall ("Marshall"), Kiari Cephus ("Cephus"), Kirsnick Ball ("Ball"), Joshua Parker ("Parker") and Grant Decouto ("Decouto"), and to amend the caption. (Mot. For Leave, ECF No. 34.). For the reasons set forth below, Plaintiff's motion is GRANTED.

## BACKGROUND

This is a copyright infringement action. Pickett alleges that the 2018 song "Walk It Talk It" by the hip-hop group Migos Touring, Inc. ("Migos") infringes his copyright in a rap song titled "Walk It Like I Talk It" that he created in 2007 and released on a mixtape in 2008. (Mot. For Leave at 5.) Named as defendants in the Amended Complaint, filed on December 17, 2018, are Migos, Capitol Records, LLC ("Capitol") and Quality Control Music, LLC ("QC") (collectively, "Defendants"). (Am. Compl., ECF No. 9, ¶¶ 7-9.) The Amended Complaint identifies Marshall, Ball and Cephus as members of Migos. (*Id*. ¶ 7.)

On January 8, 2019, District Judge Torres entered a Scheduling Order requiring that "[a]ny motion to amend or to join additional parties shall be filed within 30 days from the date of this Order." (Scheduling Order, ECF No. 17, at 1 (emphasis omitted).) On February 8, 2019, 31 days after the date of the Scheduling Order, Pickett filed a Letter Motion, dated February 7, 2019, seeking to add Marshall, Cephus, Ball, Parker and Decouto as defendants. (Letter Mot., ECF No. 25.)[1]

On February 11, 2019, this case was referred to me for general pretrial purposes. (Order of Reference, ECF No. 27.) Also on February 11, 2019, I entered a Memo Endorsement requiring Pickett, if he sought to add additional parties, to file a motion pursuant to Fed. R. Civ. P. 15, and to annex to his motion a copy of the proposed amended pleading. (Memo Endorsement, ECF No. 28.) After obtaining an extension of the briefing schedule for his motion to amend, Pickett filed his motion (ECF No. 34), together with his proposed SAC (ECF No. 35-1), on February 26, 2019. The SAC names as defendants the three members of Migos (Marshall, Ball and Cephus), as well as Parker and Decouto, who each is identified as a "musical composer" of "Walk It Talk It." (SAC ¶¶ 10-14.)

On March 12, 2019, Defendants filed their opposition to Pickett's motion to amend. (Opp. Mem., ECF No. 36.) On March 19, 2019, Pickett filed his reply. (Reply Mem, ECF No. 39.)

## LEGAL STANDARDS

A motion to amend is generally governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Notwithstanding the liberality of the general rule, "it is within the sound discretion

---

[1] Due to a filing error, the Letter Motion was refiled on February 11, 2019. (*See* ECF No. 26.)

of the court whether to grant leave to amend." *John Hancock Mutual Life Insurance Co. v. Amerford International Corp.*, 22 F.3d 458, 462 (2d Cir. 1994). Regarding the use of this discretion, the Supreme Court has stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave should . . . be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted). The party opposing a motion to amend typically bears the burden of establishing that the amendment should be denied. *See Joinnides v. Floral Park–Bellerose Union Sch. Dist.*, No. 12-CV-05682, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015).

While motions to amend are generally governed by Rule 15(a), Rule 21 controls if the proposed amendment adds new parties. *Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00-CV-07909, 2001 WL 58000, at *1 (S.D.N.Y. Jan. 23, 2001) (citation omitted)). Rule 21 states that a party may be added to an action "at any time, on just terms." Fed. R. Civ. P. 21. In deciding whether to permit joinder, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011); *see also Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("There is . . . little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion.").

## **DISCUSSION**

The Court finds that Defendants have not met their burden to establish that the motion to amend should be denied. Defendants opposed Pickett's motion to amend to add the five

3

additional defendants on two grounds. First, Defendants argue that the motion was untimely. (Opp. Mem. at 5-6.) Second, Defendants argue that the Court lacks personal jurisdiction over the proposed additional defendants. (*Id*. at 6-9.) Each of these grounds will be addressed in turn.

As for timeliness, it is true that Pickett filed his Letter Motion for leave to add additional parties a day late, on February 8, 2019. Pickett argues in reply that, due to the Martin Luther King Jr. federal holiday on January 21, 2019, his time to seek leave was tolled by one day from February 7 to February 8, 2019. (Reply at 5.) Pickett is mistaken. When computing time under the Federal Rules of Civil Procedure, a day is added only when the last day of a period falls on a legal holiday.[2] *See* Fed. R. Civ. P. 6(a)(1)(C). Indeed, this Court's Local Civil Rule 6.4 expressly provides that "legal holidays are no longer excluded in computing periods of time." S.D.N.Y. Local Civil Rule 6.4.[3] Nonetheless, since Defendants have not identified any prejudice caused to them by the one-day delay, the Court finds Pickett's neglect to be excusable. *See* Fed. R. Civ. P. 6(b)(1)(B).

As for personal jurisdiction, there is not an adequate basis for the Court to determine whether personal jurisdiction exists over Marshall, Cephus, Ball, Parker and/or Decouto. After these new defendants have been served with the SAC, they of course may file a motion to dismiss for lack of personal jurisdiction. Once confronted with such a motion, Pickett will have an opportunity to make a showing through his "own affidavits and supporting materials, containing an averment of facts that, if credited, would suffice to establish jurisdiction over the

---

[2] Martin Luther King, Jr.'s Birthday is a legal holiday. Fed. R. Civ. P. 6(a)(6).

[3] Even when the rules added an additional day for legal holidays, that additional day was added only if the period of time in question was less than 11 days. *See* Fed. R. Civ. P. 6, Advisory Committee Notes to 2009 Amendment, Subdivision (a)(1).

defendant[s]." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010) (citation omitted).[4]

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for leave to file his Second Amended Complaint. Plaintiff shall file the Second Amended Complaint within seven days of the date of this Order and shall serve it on the new defendants within 30 days.

**SO ORDERED.**

DATED:     New York, New York
           March 20, 2019

_____
STEWART D. AARON
United States Magistrate Judge

---

[4] Defendants cite to *Taormina v. Thrifty Car Rental*, No. 16-CV-03255 (VEC), 2016 WL 7392214, at *5 (S.D.N.Y. Dec. 21, 2016), for the proposition that "a motion to amend will be denied where the proposed amended complaint fails to establish personal jurisdiction." (Opp. Mem. at 7.) However, that case arose in a far different procedural posture than this one. In *Taormina*, a named defendant, The Hertz Corporation ("Hertz"), had moved to dismiss for lack of personal jurisdiction, and both plaintiff and Hertz had fully briefed the issues of whether specific or general jurisdiction existed against Hertz. After deciding that personal jurisdiction did not exist, the Court stated that it would not provide the plaintiff with an opportunity to amend its pleading against Hertz.