UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:                               │
│ DATE FILED:  11/12/2019              │
└─────────────────────────────────────┘
```

LEANDER C. PICKETT,

                              Plaintiff,

            -against-                                    18 Civ. 9775 (AT)

MIGOS TOURING, INC., CAPITOL                             **ORDER**
RECORDS, LLC, QUALITY CONTROL
MUSIC, LLC, QUAVIOUS MARSHALL p/k/a
QUAVO, KIARI CEPHUS p/k/a OFFSET,
KIRSNICK BALL p/k/a TAKEOFF, JOSHUA
PARKER p/k/a OG PARKER and GRANT
DECOUTO p/k/a DEKO,

                              Defendants.

ANALISA TORRES, District Judge:

    Plaintiff, Leander C. Pickett, a musical artist, songwriter, and producer, brings this

copyright infringement action against Defendants, Migos Touring, Inc. ("Migos"), Capitol

Records, LLC ("Capitol"), Quality Control Music, LLC ("Quality Control"), Quavious Marshall

p/k/a Quavo, Kiari Cephus p/k/a Offset, Kirsnick Ball p/k/a Takeoff, Joshua Parker p/k/a OG

Parker, and Grant Decouto p/k/a Deko.  In the second amended complaint, Plaintiff alleges that

Defendant Migos' musical composition "Walk It Talk It," infringes on Plaintiff's musical

composition "Walk It Like I Talk It."  Complaint ¶¶ 6, 10–16, ECF No. 42.  Defendant Quality

Control moves to dismiss this action for lack of personal jurisdiction under Federal Rule of Civil

Procedure 12(b)(2).  All Defendants move to dismiss for failure to state a claim under Rule

12(b)(6).  ECF No. 65.  For the reasons stated below, Quality Control's motion is DENIED, and

Defendants' motion is GRANTED.

## BACKGROUND

    The following facts are taken from the complaint and "are presumed to be true for

purposes of considering a motion to dismiss for failure to state a claim."  *Fin. Guar. Ins. Co. v.*

*Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015); *see also McDonald v. West*, 138 F. Supp. 3d 448, 452 (S.D.N.Y. 2015), *aff'd*, 669 F. App'x 59 (2d Cir. 2016).  Plaintiff, Leander C. Pickett, is a musical artist, songwriter, and producer residing in Charlotte, North Carolina.  He is author of the music and lyrics of the song "Walk It Like I Talk It" ("Plaintiff's Work").  Complaint ¶¶ 6, 17.  In 2007, Plaintiff recorded Plaintiff's Work and, along with non-party DJ Folk, released it on Plaintiff's 2008 mixtape, "It's Like a Movie."  *Id.* ¶¶ 17, 20.  At the time, non-party CTE Music employed non-parties DJ Folk and Kevin "Coach K" Lee.  *Id.* ¶ 22.  DJ Folk sold the mixtape and played it for several individuals including Lee.  *Id.* ¶ 23.  Lee obtained a copy of Plaintiff's Work from DJ Folk.  *Id.* ¶ 25.

In 2013, Lee and his partner, Pierre "Pee" Thomas founded the Atlanta-based record label, Defendant Quality Control.  *Id.*  Quality Control's premier artists are Migos, a musical group, and its constituent members, Defendants Quavious Marshall p/k/a Quavo, Kiari Cephus p/k/a Offset, and Kirsnick Ball p/k/a Takeoff.  *Id.* ¶¶ 7, 26.  Capitol is Quality Control's distributor.  *Id.* ¶ 26.  In January 2018, nearly a decade after Plaintiff released the mixtape, Migos released "Walk It Talk It" ("Defendant's Work"), the third single from the group's third studio album, "Culture II."  *Id.* ¶¶ 24, 33.  Quality Control employed Defendant producers Joshua Parker p/k/a OG Parker and Grant Decouto p/k/a Deko, who musically produced Defendant's Work.  *Id.* ¶ 29.

Plaintiff claims that, without his consent, Defendants reproduced, distributed, and/or publically performed a substantial portion of Plaintiff's Work in Defendant's Work.  *Id.* ¶ 24.  He further claims that Quality Control, Migos, Capitol, Parker, and Decouto "worked in concert to distribute Defendant's Work in digital and online markets nationwide, including New York."  *Id.* ¶ 29.

In March 2018, Plaintiff applied for and received a certificate of registration (the "Certificate") from the United States Copyright Office for "Walk It Like I Talk It."  *Id.* ¶ 18. Certificate, ECF No. 42-1.[1]  On June 6, 2018, Plaintiff provided written notice to Defendants that Defendant's Work infringed on Plaintiff's Work and demanded that Defendants immediately cease and desist from any further use of Plaintiff's Work.  Complaint ¶ 32.

On October 24, 2018, Plaintiff commenced this copyright infringement action.  ECF No. 1.  Plaintiff filed his first amended complaint on December 17, 2018, ECF No. 9, and a second amended complaint on March 26, 2019, ECF No. 42, adding Defendants Marshall, Cephus, Ball, Parker, and Decouto.  Defendants now move to dismiss Plaintiff's second amended complaint. ECF No. 65.

## DISCUSSION

I.      Legal Standard

A.  Personal Jurisdiction

"On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction."  *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 349 (S.D.N.Y. 2014) (citing *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012)).  When the jurisdictional facts are in dispute, "the district court may consider materials outside the pleadings, including affidavits and other written materials."  *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015).  "Because the Court has not held an evidentiary hearing on this issue, Plaintiff need only make a prima facie showing of jurisdiction through affidavits and supporting materials to satisfy this burden."

---

[1] Plaintiff alleges that he "registered with the [United States] Copyright Office his Musical Composition and Sound Recordings in a single application, Registration No. SR 816-366."  Complaint ¶ 18.  The Certificate, however, states that the registration is for the "Sound Recording," not the "Musical Composition and Sound Recordings." Certificate.

*Golden Archer Investments, LLC v. Skynet Fin. Sys.*, No. 11 Civ. 3673, 2012 WL 123989, at *3 (S.D.N.Y. Jan. 3, 2012).

"District courts deciding a motion to dismiss for lack of personal jurisdiction engage in a two-part analysis, first determining whether there is a statutory basis for exercising personal jurisdiction and second deciding whether the exercise of jurisdiction comports with due process." *BWP Media*, 69 F. Supp. 3d at 349 (internal quotation marks and citation omitted).  In a federal question case, the district court "applies the forum state's personal jurisdiction rules, unless a federal statute specifically provides for national service of process."  *Id.* at 350 (internal quotation marks, alteration, and citation omitted).  Jurisdiction comports with due process if "the defendant has certain minimum contacts with the State such that maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (alterations, internal quotation marks, and citation omitted).

    B.   Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation marks omitted)).  A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Ultimately, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level."  *Id*.  The Court must accept the allegations in the pleadings as true and draw all reasonable inferences in favor of the non-movant. *See West*, 138 F. Supp. 3d at 452.

II.     Analysis

A.  Personal Jurisdiction Over Quality Control

Because it is improper for the Court to opine on the merits of a case where it lacks

jurisdiction, the Court first addresses whether it has personal jurisdiction over Quality Control.

*See, e.g.*, *Laydon v. Mizuho Bank, Ltd.*, No. 12 Civ. 3419, 2015 WL 1499185, at *7 (S.D.N.Y.

Mar. 31, 2015); *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) ("[L]ogic

compel[s] initial consideration of the issue of jurisdiction over the defendant—a court without

such jurisdiction lacks power to dismiss a complaint for failure to state a claim.").

The Copyright Act does not provide for nationwide service of process.  Therefore, this

Court looks to New York law to determine whether it has personal jurisdiction over Quality

Control.  *See Royalty Network Inc. v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 417 (S.D.N.Y.

2009).  Plaintiff argues that there is a statutory basis for specific personal jurisdiction over

Quality Control, a Georgia limited liability company with a principal place of business in

Atlanta, Georgia, Complaint ¶ 9, pursuant to N.Y. CPLR § 302(a)(1), which provides that a court

may exercise personal jurisdiction over a non-domiciliary who "transacts any business within the

state or contracts anywhere to supply goods or services in the state."  Pl. Mem. at 29, ECF No.

74.[2]

A plaintiff makes a prima facie showing of jurisdiction under § 302(a)(1) by establishing

"first, that defendant transacted business within the state of New York, and second, that this

action arises from that transaction of business."  *Royalty*, 638 F. Supp. 2d at 417 (citation

omitted).  "[A] party transacts business within the state when it purposefully avails itself of the

privilege of conducting activities within New York."  *Id.* at 417–18 (quotation marks and citation

---

[2] Pincites to Plaintiff's Memorandum of Law refer to the ECF-assigned page number.

omitted).  Section 302(a) is a "single act statute" wherein "proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities [] were purposeful and there is a substantial relationship between the transaction and the claim asserted."  *Id.* at 418 (citation omitted).

Plaintiff contends that Quality Control is subject to specific jurisdiction in New York based on (1) Quality Control's having entered into a recording and distribution agreement with Capitol, a company with its principal place of business in New York, and (2) Migos' performing of Defendant's Work in New York City as part of the group's tour.  Pl. Mem. at 27–28; *see also* Complaint ¶¶ 4, 16.  Plaintiff argues that Quality Control "transacted business in New York by projecting themselves into New York to engage in a sustained and substantial transaction of business related to the infringement of [P]laintiff's work," Pl. Mem. at 30, including by entering a joint venture with two New York based companies, including Capitol, and "curating" a tour with Grammy award winning artist Drake, which featured six consecutive performances in New York, where Defendant's Work was the only song shared by Migos and Drake, *id.* at 28. Plaintiff argues that "the tour was created around the [Defendant's Work]."  *Id.* at 30.

Defendants contend that Plaintiff has failed to establish personal jurisdiction over Quality Control under either New York's long-arm statute or the Due Process Clause.  Def. Mem. at 21, ECF No. 66.  Although Defendants concede that Quality Control "entered an agreement . . . with Capitol," they note that the "agreement does not specifically provide for any distribution, public performance or other exploitation in New York."  Def. Mem. at 20.

Quality Control's contract with Capitol, on its own, is "not sufficient to constitute the transaction of business under" § 302(a)(1).  *See Pieczenik v. Cambridge Antibody Tech. Grp.*, No. 03 Civ. 6336, 2004 WL 527045, at *4 (S.D.N.Y. Mar. 16, 2004) (quotation marks and

citation omitted).  Plaintiff, however, alleges that Quality Control transacted business in New York beyond the mere signing of an agreement with Capitol.  He alleges that Quality Control worked in concert with the other Defendants to "distribute the infringing work in digital and online markets nationwide, including New York," Complaint ¶ 29, and that Migos, Quality Control's "premier artists," *id.* ¶ 26, performed Defendant's Work in New York, *id.* ¶ 32, for six consecutive dates, where Defendant's Work was the only song shared by Migos and Drake, Pl. Mem. at 28, 30.

Although Quality Control and Capitol's agreement may not specifically provide for any distribution, public performance or other exploitation in New York, Defendants cannot dispute that distribution and public performance did in fact occur there.  That Quality Control arranged for the distribution and performance of Defendant's Work without being physically present in New York does not mean that Quality Control did not "purposefully avail[] itself of the privilege of conducting activities within New York." *Royalty Network Inc.*, 638 F. Supp. 2d at 417–18 (citation omitted); *see also Golden Archer Investments*, 2012 WL 123989, at *4 ("When a defendant's remote communications effectuate some purposeful business in New York, personal jurisdiction will be found.").  The Court holds that Plaintiff has pleaded facts which support a prima facie showing of jurisdiction under § 302(a)(1) because Quality Control transacted business here by arranging for the distribution and performance of Defendant's Work within the state of New York, and that Plaintiff's action for copyright infringement, arises from that transaction of business.

Having determined that jurisdiction over Quality Control is permitted under New York's long-arm statute, § 302(a)(1), the Court must decide whether the exercise of jurisdiction comports with due process.  *BWP Media*, 69 F. Supp. 3d at 349.  The New York long arm

statute, however, "does not extend in all respects to the constitutional limits." *Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 108 (S.D.N.Y. 2015) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60–61 (2d Cir. 2012)). "Because the New York long-arm statute is more restrictive than the federal due process requirements, by virtue of satisfying the long-arm statute the minimum contacts and reasonableness requirements of due process have similarly been met." *Id.*

Accordingly, the Court finds that it has personal jurisdiction over Quality Control. Defendant Quality Control's motion to dismiss for lack personal jurisdiction is, therefore, DENIED.

### B.  Failure to State a Claim

Having addressed the jurisdictional question, the Court now turns to the merits of Defendants' motion to dismiss.  Defendants argue that Plaintiff's claim is barred because "Plaintiff has not satisfied the statutory mandate that he register a copyright in his musical composition with the United States Copyright Office before filing an infringement suit."  Def. Mem. at 2.  Even if Plaintiff's claim were not statutorily barred, Defendants contend that the only alleged similarity between the two works is the lyric "walk it like I talk it," and that this "short, prosaic phrase is" unprotectable, and cannot form the basis of a copyright infringement claim.  *Id.* at 1.  Because the Court agrees that the allegations in the complaint fail to "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, Defendants' motion to dismiss is GRANTED.

### 1.  Copyright Registration

Pursuant to the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim

has been made in accordance with this title." 17 U.S.C. § 411(a).  The Supreme Court recently

held that a plaintiff must "apply for registration and receive the Copyright Office's decision on

[the] application before instituting suit."  *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com,*

*LLC*, 139 S. Ct. 881, 891 (2019).

Plaintiff alleges that he obtained a certificate of copyright registration for his "[m]usical

[c]omposition, 'Walk It Like I Talk It.'"  Complaint ¶ 18.  Plaintiff contends that he registered

his musical composition and sound recording "in a single application."  Complaint ¶ 18.

Although the Court must accept the allegations in the pleadings as true and draw all reasonable

inferences in favor of the non-movant, *see West*, 138 F. Supp. 3d at 452, when a document relied

on in the complaint contradicts allegations in the complaint, the document, not the allegations,

controls, *2002 Lawrence R. Buchalter Alaska Tr. v. Philadelphia Fin. Life Assur. Co.*, 96 F.

Supp. 3d 182, 199 (S.D.N.Y. 2015).

"Copyright protection extends to two distinct aspects of music: (1) the musical

composition, which is itself usually composed of two distinct aspects—music and lyrics; and (2)

the physical embodiment of a particular performance of the musical composition, usually in the

form of a master recording."  *Ulloa v. Universal Music & Video Distribution Corp.*, 303 F. Supp.

2d 409, 412 (S.D.N.Y. 2004) (quotation marks and citation omitted).  Here, Plaintiff's complaint

is not that Defendants incorporated "the physical embodiment," or sound recording of Plaintiff's

Work.  Rather, Plaintiff argues that Defendants infringed on his "[m]usical [c]omposition,"

Complaint ¶ 19—in other words, the "music and lyrics," *Ulloa*, 303 F. Supp. 2d at 412, of

Plaintiff's Work.  As is clear from the Certificate, Plaintiff did not obtain a certificate of

registration for his musical composition.  *See* Certificate.  As such, Plaintiff has failed to satisfy

the requirement that he register his musical composition prior to initiating this action.  *See Fourth Estate Pub. Benefit Corp.*, 139 S. Ct. at 891.

      In his opposition brief, Plaintiff asserts that he sought to correct errors in his original copyright application, including amending the Certificate to cover the music composition aspect of his work along with the sound recording aspect.  Pl. Mem. at 26.  Plaintiff also states that the U.S. Copyright Office advised him that "the deposit of Plaintiff's original work via MP3 recording covers the entire original work – sound recording and musical composition."  *Id.* Plaintiff, however, provides no evidence to support this claim, which does not appear in the complaint.  Even assuming that Plaintiff were able to amend the registration to cover the musical composition aspect of his work, this action would still warrant dismissal.  As courts in this district have held, a copyright infringement claim will be dismissed where the allegedly infringed work, in this case, the musical composition, was not registered at the time the original complaint was filed.  *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 18 Civ. 10956, 2019 WL 1454317, at *1 (S.D.N.Y. Apr. 2, 2019) (dismissing complaint where plaintiff filed suit before copyright was registered and holding that "a prematurely filed suit must be dismissed notwithstanding a plaintiff's post-registration amendment"); *Pablo Chavez v. British Broad. Corp.*, No. 17 Civ. 572, 2019 WL 2250446, at *3 (S.D.N.Y. May 23, 2019) ("Because the plaintiff has failed to allege that he owns a valid, fully registered copyright over the allegedly infringed music and his performance in the [v]ideo, his copyright claim fails.").

      Because Plaintiff did not register a musical composition before initiating this lawsuit, the complaint must be dismissed.

2.   Substantial Similarity

Even if Plaintiff were not statutorily barred from bringing this action, dismissal would be warranted because there is no protectable similarity between the two works at issue.  "To state a claim for copyright infringement, a plaintiff must plausibly allege facts that demonstrate (1) ownership of a valid copyright, and (2) the defendants' copying of constituent, original elements of plaintiff's copyrighted work."  *West*, 138 F. Supp. 3d at 453.  "To demonstrate the element of unauthorized copying, Plaintiff must make two showings.  First, he must show that Defendants 'actually copied' his work, and second, he must show substantial similarity between the two works such that the copying 'amounts to an improper or unlawful appropriation.'"  *Id.* (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003).  "Two works are not substantially similar as a matter of law if the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or if no reasonable jury, properly instructed, could find that the two works are substantially similar."  *Id.* at 454.  (alterations, quotation marks, and citation omitted).  Plaintiff's claim fails to meet the substantial similarity prong of unauthorized copying.

"District courts in this circuit may evaluate a question of substantial similarity at the motion to dismiss stage under Rule 12(b)(6)."  *Id.* at 454 (citing *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010)).  "When evaluating substantial similarity on a motion to dismiss, no discovery or fact-finding is typically necessary, because what is required is only a visual or aural comparison of the works."  *Id.*  (alterations, quotation marks, and citation omitted).  In a copyright infringement action, "the works themselves supersede and control contrary descriptions of them" contained in the pleadings or elsewhere.  *Peter F. Gaito Architecture*, 602 F.3d at 64 (quotation marks omitted).  "Courts in this district

regularly apply this rule in music copyright cases to listen to the songs at issue when evaluating a motion to dismiss." *West*, 138 F. Supp. 3d at 453. The two works at issue here, although not attached to the complaint, are incorporated by reference and included in a declaration in support of Defendants' motion to dismiss. *See* Dickstein Declaration, ECF No. 67.

"[W]hen faced with works that have both protectible and unprotectible elements, . . . [the Court] . . . must attempt to extract the unprotectible elements from [its] consideration and ask whether the protectible elements, standing alone, are substantially similar." *Peter F. Gaito Architecture*, 602 F.3d at 66 (internal quotation marks and citation omitted). The only meaningful similarity between Plaintiff's Work and Defendant's Work is that the lyrics "walk like I talk it" form each song's chorus, or hook. *See* Def Mem. at 1; Pl. Mem. at 19. Having carefully listened to the two songs, the Court concludes that the similarity between the two works concerns only "unprotectible elements" of Plaintiff's Work. *See Peter F. Gaito Architecture*, 602 F.3d at 66.

"To qualify for copyright protection, a work must be original to the author." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). An original work is one that "was independently created by the author" and "possesses at least some minimal degree of creativity." *Id.* The Copyright Office, and courts in this district, have repeatedly held that "short phrases" such as "slogans" are not protectable. *West*, 138 F. Supp. 3d at 454 ("Short phrases, including titles and slogans, rarely if ever exhibit sufficient originality to warrant copyright protection. Longer phrases are also not protectable if they are common or cliché." (internal citation omitted)); *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 602 (S.D.N.Y. 2013) ("Common phrases are generally not susceptible to copyright protection." (quotation marks omitted)).

Because songwriters must be free to borrow sayings and expressions from popular culture, the Second Circuit and courts in this district have found that short and commonplace phrases are not protectable, even when used as the title or repeated lyrics of a song, as is the case here.  *See, e.g.*, *Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 144 (2d Cir. 1998) (the phrase "you've got to stand for something, or you'll fall for anything" is too short and commonplace to be protected by copyright, even when sung repeatedly in plaintiff's song); *Boone v. Jackson*, 206 F. App'x 30, 33 (2d Cir. 2006) (finding no infringement of repeated phrase "holla back" because "common phrases are not protectable under copyright"); *Edwards v. Raymond*, 22 F. Supp. 3d 293, 298–99 (S.D.N.Y. 2014) (granting motion to dismiss where court found that the phrase "caught up," was not protectable even though it was used in both the title and chorus of both songs); *see also Apps v. Universal Music Grp., Inc.*, 763 F. App'x 599, 600 (9th Cir. 2019) (finding no substantial similarity where "[t]he only lyrical commonality between both songs is the phrase 'I need to know now'" and there were "at least 11 songs pre-dating [plaintiff's] song that included this common phrase.").

As in *Apps*, the term "walk it like I talk it," and slight variations of it, has been regularly used in several contexts.  *See* Def. Mem. at 3–6 (noting 32 instances of the term, or slight variations, being used in literature, music, and motion pictures, prior to the composition of Plaintiff's Work).  The Court takes judicial notice of these 32 instances as they can be obtained from widely available and reliable sources, the accuracy of which cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b) (a court may take judicial notice of acts that are "not subject to reasonable dispute" and that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Poindexter v. Warner/Chappell Music Inc.*, No. 06 Civ. 3403, 2009 WL 302064, at *1 n.l (S.D.N.Y. Feb. 9, 2009) ("The Court takes judicial

notice of the fact that the aforementioned titles appeared on The Persuaders' first two albums published in the 1970's"), *aff'd*, 372 F. App'x 103 (2d Cir. 2010); *Boarding Sch. Review, LLC v. Delta Career Educ. Corp.*, No. 11 Civ. 8921, 2013 WL 6670584, at *1 n.1 (S.D.N.Y. Mar. 29, 2013) (taking judicial notice of four websites on motion to dismiss because courts in this Circuit "generally ha[ve] the discretion to take judicial notice of internet material").

Plaintiff alleges that he recorded Plaintiff's Work in 2007. Complaint ¶ 20. But there are multiple instances of the term "walk it like I talk it", or variations of it, being used prior to 2007, including by other rap and hip-hop artists. These include rap artist Paul Wall's 2005 song titled "March 'n' Step" featuring the repeated lyrics "walk it how you talk it / [y]ou gotta walk it how you talk it," Def. Mem. at 5, rap artist Young Jeezy's 2006 song "3 A.M." featuring the lyric "I walk it how I talk it," Def. Mem. at 6, and rap artist Wiz Khalifa's 2007 song "Be Easy," featuring the lyric "walk it how I talk it so I talk it how I live it," Def. Mem. at 6, among many others.

The only similarity between the two works at issue, the lyrics "walk it like I talk it," is not original to the author and is, therefore, not protected by the copyright laws. *See Feist*, 499 U.S. at 345. Plaintiff has not plausibly alleged facts that demonstrate that Defendants copied "original elements of plaintiff's copyrighted work." *See West*, 138 F. Supp. 3d at 453. Accordingly, Defendants' motion to dismiss for failure to state a claim is GRANTED.

**CONCLUSION**

For the reasons stated above, Defendant Quality Control's motion to dismiss this action for lack of personal jurisdiction is DENIED and Defendants' motion to dismiss for failure to state a claim is GRANTED.  The Clerk of Court is directed to terminate the motion at ECF No. 65.

SO ORDERED.

Dated: November 12, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge

15