```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEANDER C. PICKETT,

        Plaintiff,

-against-

MIGOS TOURING, INC., CAPITOL RECORDS, LLC, QUALITY CONTROL MUSIC, LLC, QUAVIOUS MARSHALL p/k/a QUAVO, KIARI CEPHUS p/k/a OFFSET, KIRSNICK BALL p/k/a TAKEOFF, JOSHUA PARKER p/k/a OG PARKER and GRANT DECOUTO p/k/a DEKO,

        Defendants.

18 Civ. 9775 (AT) (SDA)

**ORDER**

ANALISA TORRES, District Judge:

    On October 24, 2018, Plaintiff commenced this action for copyright infringement. ECF No. 1. On September 19, 2019, Defendants moved for sanctions against Plaintiff, Plaintiff's counsel, Dana Whitfield, and counsel's firm, Sacco & Fillas, LLP ("S&F"). ECF No. 106. On November 12, 2019, the Court dismissed the action for failure to state a claim. ECF No. 120. On December 10, 2019, Defendants moved attorney's fees and costs pursuant to Section 505 of the Copyright Act ("Section 505"), 17 U.S.C. § 505. ECF No. 123.

    The Court referred the motions for sanctions and attorney's fees to the Honorable Stewart D. Aaron for a report and recommendation ("R&R"). ECF No. 140. On February 25, 2020, Judge Aaron issued an R&R recommending that the motions be granted in part and denied in part. R&R, ECF No. 141. "[T]o deter repetition of the conduct in this case," Judge Aaron found it appropriate to award $88,818 in Rule 11 sanctions jointly and severally against Plaintiff, Whitfield, and S&F. *Id.* at 18–19. This represents the amount of attorney's fees accrued between August 15, 2019, the deadline for Plaintiff to withdraw his claim in response to the sanctions motion, and November 12, 2019, the day the Court dismissed the action. *Id.* at 17–18. Judge Aaron also recommended that Defendants recover the full amount of their reasonable attorney's fees from Plaintiff under Section 505. *Id.* at 19 n.13. Because Judge Aaron recommended that Defendants recover the full amount of their attorney's fees from Plaintiff under Section 505, which includes the $88,818 in attorney's fees used to calculate the sanctions award, Judge Aaron adjusted the amount due separately from Plaintiff, resulting in an award of $361,773.60 from Plaintiff alone, in order to avoid double recovery. *See id.*; *id.* at 19–20.

    On May 28, 2020, Defendants informed the Court that they had reached a confidential settlement agreement with Whitfield and S&F with respect to the sanctions. ECF No. 152.

    A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Rule 11 sanctions are designed to deter baseless filings." *Arbor Hill Concerned Citizens Neighborhood Ass'n v.*

*County of Albany*, 369 F.3d 91, 97 (2d Cir. 2004). District Courts have "broad discretion to tailor appropriate and reasonable sanctions under Rule 11." *Lawrence v. Wilder Richman Sec. Corp.*, 417 F. App'x 11, 15 (2d Cir. 2010) (internal quotation marks, citation, and alterations omitted); *see also* Fed. R. Civ. P. 11 Advisory Committee Notes to 1993 Amendments ("The court has significant discretion in determining what sanctions, if any, should be imposed for a violation . . . ."). Any sanction imposed must be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Plaintiff did not object to any of the R&R's findings or recommendations, including its recommendation that an award of attorney's fees be assessed against him alone under Section 505. Having received no objections, the Court reviewed the R&R for clear error, and found none. *Santiago v. Colvin*, 12 Civ. 7052, 2014 WL 1092967, at *1 (S.D.N.Y. Mar. 17, 2014). The Court, therefore, ADOPTS the R&R with respect to its award of $361,773.60 as against Plaintiff alone.

With respect to the Rule 11 motion for sanctions, Judge Aaron found that sanctions were appropriate in order to deter repetition of the conduct in this case and awarded sanctions as against Plaintiff, Whitfield, and S&F, jointly and severally. R&R at 18. In light of the settlement agreement between Defendants, Whitfield, and S&F, however, the Court finds that Judge Aaron's sanctions recommendation is moot as against Whitfield and S&F. *Margo v. Weiss*, 213 F.3d 55, 64 (2d Cir. 2000); *see also* R&R at 18. Moreover, because sanctions must be "limited to what is sufficient to deter repetition of such conduct," the Court finds that no further sanctions against any party are necessary. The agreement, in addition to the award of $361,773.60 in attorney's fees imposed on Plaintiff alone, are sufficient "to deter repetition of" the conduct at issue here. *Margo*, 213 F.3d at 64. The R&R's recommendation with respect to Defendants' Rule 11 sanctions, therefore, is REJECTED.

Last, Defendants, Whitfield, and S&F submitted a stipulation and proposed order, which requests that the Court retain jurisdiction to enforce the confidential settlement agreement. *See* ECF No. 152-1. Pursuant to Rule IV(c) of the Court's Individual Practices in Civil Cases, the Court will not retain jurisdiction to enforce confidential settlement agreements. If the parties wish for the Court to retain jurisdiction, the parties must place the terms of their settlement agreement on the public record. By **June 29, 2020**, the parties may either provide a copy of the agreement for the Court to endorse or include the terms of their agreement in a revised stipulation and proposed order.

Accordingly, the R&R is ADOPTED in part and REJECTED in part. Defendants' motion for an award of attorney's fees under Section 505 of the Copyright Act, ECF No. 123, is GRANTED to the extent that Defendants shall be awarded the sum of $361,773.60 from Plaintiff alone, and Defendants' motion for sanctions, ECF No. 106, is DENIED.

SO ORDERED.

Dated: June 3, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge